UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE BOEING COMPANY, AS SPONSOR AND FIDUCIARY OF THE BOEING COMPANY REPRESENTED ACTIVE HMO, <br><br> Plaintiff, <br><br> vs. <br><br> LINDA THURMON AND THE FLOYD LAW FIRM, P.C., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) 4: 09CV01456 DDN <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION PLEADING (REGARDING DEFENDANTS' 12(b)(6) MOTION TO DISMISS)

Now come the Defendants for their Response to Plaintiff's Opposition to the Motion to Dismiss, respectfully state as follows:

1. Defendants' Motion to Dismiss under Federal Rule 12(b)(6) was and is premised upon the assumption that all of Plaintiff's factual allegations are taken to be true.

**As to Grounds I, II and III of Defendants' Motion to Dismiss**

2. In its Opposition pleading, Plaintiff has introduced additional factual allegations which are not set forth in its complaint. But, even given the introduction of additional information set forth in and attached to Plaintiff's Opposition pleading, the following factors remain true and are not overcome by anything that Plaintiff has filed in opposition to the Motion to Dismiss.

3. The plan document in this case – i.e., the SPD attached to Plaintiff's complaint – fails by its terms to create a lien. This document may adequately create a right of subrogation but it does not create a lien as required by the *Sereboff* case and the other post-*Sereboff* cases addressing this issue.

4. The complaint fails to allege (and Plaintiff does not otherwise assert) that the beneficiary ever executed or was ever requested by Plaintiff to execute a "lien document" as is authorized by the Plaintiff's SPD; therefore, no equitable lien by agreement was formed between the parties.

5. The complaint fails to allege the existence of a lien but rather requests this Court impose a lien. Plaintiff seeks in Paragraph 32(a) and in Prayer for Relief (a) the *imposition* of a lien, not the *enforcement* of an existing lien.

6. Plaintiff's complaint does not allege the existence of a "specifically identifiable fund" as is required by *Sereboff* and the post-*Sereboff* case law previously cited.

7. Plaintiff's complaint is premised upon plan language which is overreaching in that it seeks to invade the general assets of the beneficiary. Although there is not an overwhelming amount of authority on this issue, at least two federal district courts in Kentucky (previously cited) have held that complaints premised upon similar language fail as a matter of law.

8. The cases cited by Plaintiff on pp 6- 7 of its Opposition Memorandum deal with situations where the tort settlement was preserved as a "specifically identifiable fund" in a specified account, either by agreement of the parties or by restraining order issued by a federal court. In the *Sereboff* case, the funds were maintained by agreement in Mrs. Sereboff's investment account. In the *Shank* case, the funds were maintained in a special needs trust. In the *Brown* case, the federal district court in Arkansas entered its order restraining disbursement of the settlement funds maintained in the attorney's IOLTA account. In *Salazar*, the funds were preserved in the attorney's account. In this case, the funds have not been preserved by agreement or by court order. (For purposes of examining Plaintiff's complaint on this Motion to Dismiss, it is sufficient to note that Plaintiff has not alleged preservation of funds in a "specifically identifiable fund" as is fundamentally required by *Sereboff* and as existed in the cases upon which Plaintiff relies. Furthermore, as part of its Opposition pleading, Plaintiff has attached the "Order of Disbursement" document dated 6/24/09. This document – although prepared by Defendants and now asserted on behalf of Plaintiff – establishes, in fact, that the limited tort recovery of $50,000 has been disbursed and does not exist in a "specifically identifiable fund.")

### As to Ground IV of Defendants' Motion to Dismiss

9. Plaintiff relies on paragraph 7 of its Complaint in which it is alleged that the Plaintiff's plan is "self-funded." The assertion that the Plaintiff's plan is "self-funded" is wholly irrelevant to the issue of the application of state law to delivery of health coverage through the mechanism of an HMO. In other words, state law applies through the application of ERISA's "saving clause" to the HMO operation *regardless* of whether or not the plan purports to be "self-funded."

10. The U.S. Supreme Court addressed exactly how an HMO operation (whether operated as a supposed "self-funded" plan or not) should be considered *vis a vis* ERISA preemption. In the two cases set forth in the Motion to Dismiss, *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002) and *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003), the Supreme Court analyzed the legislative history of the federal HMO Act of 1973 and concluded that the benefits delivered by the HMO constituted "insurance" and, as such, ERISA's "saving clause" mandated the application of

regulatory state law to the HMO operation.

     11. The simple allegation that this plan is "self-funded" does not avoid the application of state law to HMO health care coverage. Plaintiff relies upon the partial holding of *FMC v. Holliday* regarding the "deemer" clause – that the ERISA plan itself is not to be considered an insurance company. But *FMC v. Holliday* did not involve an HMO operation. Furthermore, *FMC v. Holliday* was decided in 1990 – twelve (12) years *prior to* the Court's rulings on HMOs in *Rush Prudential HMO, Inc. v. Moran*, and *Kentucky Association of Health Plans, Inc. v. Miller*.

     12. For the purpose of this motion, it must be accepted as true plaintiff's assertion that it is a "self-funded" plan; but Defendants believe that it would be helpful to elaborate on this assertion. The fact of the matter is that this plan is not a true "self-funded" plan. This plan is, in fact, insured. If Defendants' Motion to Dismiss is overruled, Defendants will deny the assertion that this plan is self-funded and will seek to establish that this is a heavily insured plan. As a point of beginning, it is clear that this plan is operated by United Healthcare, a commercial insurer. In fact the involvement of United Healthcare is revealed in the SPD attached to Plaintiffs' complaint as follows:

> page i – United Healthcare has issued the coverage-specific brochure which
>     the basis for the SPD
> page 4 – United Healthcare handles all claims
> page 5 – United Healthcare handles all the review process for all claims
> page 67 – United Healthcare has issued the coverage-specific brochure which
>     the basis for the SPD

     13. The information about United Healthcare which is set forth above is found as part of Plaintiff's complaint, in the attached exhibit. The remaining information in this paragraph is not found in Plaintiff's complaint but is a matter of public record and set forth here only to give the "background" to how Plaintiff operates. The full extent of the insurance-based coverage is yet to be determined by Defendants and would be the subject of discovery if the Motion to Dismiss is overruled. But, certain information is readily obtainable by examining the form 5500 filed by this plan with the U.S. Department of Labor. The form 5500 filed by this plan for the year 2007 (Jan 1, 2007 through Dec 31, 2007) reveals the following information concerning how this plan is insured:

> A) This plan paid United Healthcare $5,533,030 in "commissions and fees" during 2007. Part of this payment extends to work by United Healthcare as claims administrator, but Defendants believe that a substantial portion of this payment extends also to health insurance coverage, either directly or in the nature of reinsurance or stop loss coverage. (This information is found on schedule C attached to Plaintiff's form 5500.)
>
> B) During this time period, Plaintiff entered into insurance agreements with 33 different

commercial insurers, paying each insurer separate insurance premiums. The identity of each of these commercial insurers is set forth in schedule A attached to Plaintiffs form 5500 for 2007. There are thirty-three (33) separate schedule A forms so attached.

14. Plaintiff's reliance on the 1997 and 2001 federal court of appeal cases in footnote 8 of its Opposition pleading for the proposition that a self-funded plan need not comply with state law is inappropriate. Both of these cases were decided prior to the 2002 and 2003 U. S. Supreme Court rulings regarding HMOs. Additionally, the notion of a "self-funded" plan garnering extensive preemption and avoidance of state law (as asserted and relied upon by plaintiff) is not consistent with the more current trend, which is to apply state law where appropriate. For example, consider the following recent cases:

> 2009 -- *Providence Health Plans of Oregon v. Simnitt*, 46 Employee Benefits Cas. 2625, 2009 WL 700873, (D.Or. 3/13/09) holding that a self-funded plan enjoys the preemption of ERISA and that stop loss insurers on the risk are required to comply with state law by virtue of ERISA's "saving clause".

> 2008 -- *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 2008 WL 642972 (C.A.5 (La.)), 43 Employee Benefits Cas. 1417, (cert denied 10/6/08) the 5th Circuit Court of Appeals upholding Louisiana Insurance Commissioner's directive that ERISA insurers comply with the make-whole doctrine.

> 2008 -- *Magellan Health Services, Inc v. Highmark Life Insurance Company*, 755 N.W.2d 506, 2008 WL 2221979 (Iowa). Iowa Supreme Court holds that stop loss insurer must comply with state law.

15. This issue was also addressed in *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) where the Court stated,

> "On the other hand, employee benefit plans that are insured are subject to indirect state regulation. An insurance company that insures a plan remains an insurer for purposes of state laws, 'purporting to regulate insurance' after application of the deemer clause [of ERISA]. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer." 498 U.S. at 62.

16. In the event the Motion to Dismiss is overruled, Defendants will also be asserting that the plaintiff in this case is not the "Real Party in Interest" as required by Federal Rule 17(a) because any recovery which is awarded to the plaintiff may be required to be passed along to the commercial insurers pursuant to their right of reimbursement contained in policies entered into with Plaintiff. Defendants will also be asserting that plaintiff's claim is barred by ERISA's anti-inurement provision, 29 U.S.C. § 1103(c), which prohibits the utilization of plan assets (reimbursement recoveries) for purposes which do not directly benefit plan participants.

(Subrogated recoveries are treated by insurers as irregular/unanticipated income and used in discretionary manners, such as enhanced executive salaries, designated by management.)

17. This case can be laid to rest without exploring the contested issues of whether or not this is a "self-funded" plan, the "Real Party in Interest" doctrine and the application of ERISA's anti-inurement provision. Because this is an HMO operation, the application of state law is triggered by ERISA's "saving clause" as decided in the 2002 and 2003 U.S. Supreme Court decisions, *Rush Prudential HMO, Inc. v. Moran*, and *Kentucky Association of Health Plans, Inc. v. Miller*. Furthermore, it is not disputed by the Plaintiff that state law concerning the right of subrogation/reimbursement constitutes "law" which is saved by ERISA's "saving clause." Nor is it disputed by Plaintiff that Missouri law prohibits subrogation on personal injury claims.

Wherefore, Defendants pray dismissal of Plaintiff's complaint.

/s/ Walter L. Floyd
Attorney for Defendants,
Linda Thurmon and
The Floyd Law Firm, P.C.
8151 Clayton Road, Suite 202
St. Louis, Missouri 63117
314-863-4114
314-863-4150 Fax
walter@thefloydlawfirm.com

**CERTIFICATE OF MAILING**

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court this 5th day of October, 2009, to be served by operation of the Court's electronic filing system upon the following: Amy L. Nixon, Esq., Littler Mendelson, Two City Place Drive, Suite 200, St. Louis, Missouri 63141, and to Noah G. Lipschultz, Esq., Littler Mendelson, 80 South 8th Street, Suite 1300, Minneapolis, Minnesota 55404, Attorneys for Plaintiff.

/s/ Walter L. Floyd